Well, before we begin, Judge Miller and I would like to welcome and to thank Judge Korman who has been here this week helping out various panels. Today, it's our privilege to welcome him to our panel. Judge Korman, I know well, he's sat here many times and we're very happy to have him back. Thank you, Judge Korman. Thank you. I enjoy it. That's why I come. Well, we're very happy to have you as always. Virtually and in person. There we are. First case this morning, Zhang v. Garland. We've set it for 10 minutes aside. When you're ready, counsel. Your Honour, my name is Joseph Fung Tsang and I represent the petitioner, Mr. Yinghui Zhang. At issue in this case is whether the Board of Immigration Appeals abused its discretion in denying the petitioner's motion to reopen his approval proceedings based on changed country conditions. The petitioner contends that the board committed a legal error in relying on the prior immigration judge's adverse credibility determination and the lack of authentication of several documents that the petitioner submitted in support of his motion, namely two translated letters from the petitioner's spouse in China, as well as five subpoenas that were issued to the petitioner in China between the years 2013 and 2015. Notably, the petitioner also submitted multiple country reports and articles reflecting the worsening treatment of whistleblowers and individuals who report corruption in China. Yeah. Now, your central alliance is on our Yang case that says that evidence going to later events cannot be deemed incredible or non-credible merely because of a previous adverse credibility finding. This case seems to me somewhat different from Yang, however, in that in Yang, the initial events testified to and as to which Mr. Yang was found non-credible were basically whistleblower events. He then seeks to reopen based upon his Christianity, which was, he was a later convert to Christianity. It was all later. And our panel, in the opinion by Judge Chabria says, well, that's a new event. And the credibility of that has to be judged on merits. Here, the testimony really is not as to new events so much as events that are basically telling us that he was telling the truth the first time around. Am I wrong? Your Honor, we respectfully like to distinguish the Yang case or distinguish this point because the petitioner's motion to reopen was premised on events that happened subsequent to his removal proceedings, namely the subpoenas that were issued every year under his name, as well as the police asking questions about him as referenced in his sworn affidavit and in the letters from his wife. Yes, I understand. I understand that those all postdate the underlying hearing. The subpoenas, and I've read them, they say show up for interrogation. And I've read both of his wife's letters. And I've read the letter, the one of the two letters that says the wife's brother-in-law has tried to get the charges dismissed, but without success. So what are the charges? Well, the charges reference the provision in the Chinese criminal law relating to anti-government activities. And what are those anti-government activities? Those are not specified in the subpoena. However, the petitioner's affidavit discussed how he brought the corruption of his employer to the police previously in China and was subsequently detained and mistreated by the police due to that. In other words, they go to the events to which he testified earlier, and as to which he was found incredible. That's correct, Your Honor. Yeah, so there's my problem. I would also add that the standard for a motion to reopen based on changed country conditions does not require conclusive proof, or even something like a preponderance of evidence in terms of establishing the qualification for relief. The standard for a motion to reopen based on changed country conditions is a prima facie case, which the court has also stated is a prevailing on the merits. So where's the change? It sounds like it's a continuation, meaning the charges remain pending, and assuming the truth of the matter, they're still after him. What's the change? In fact, Your Honor, the petitioner submitted quite a significant number of country reports and news articles dating after the petitioner's removal proceedings, discussing the increase in convictions and mistreatment of people who protest or act to demonstrate resistance to Communist Party or Chinese government policies. However, the Board of Immigration Appeals didn't reach this question because the board stopped its inquiry at the question of whether the petitioner established that he was a whistleblower. In other words, they did not reach the question of whether the circumstances actually changed. This is found on the last paragraph of the board's decision dated March 31st, 2016. But the problem, and I think this is getting at the same issue that some of Judge Fletcher's questions did. The problem is that that evidence of increasing persecution of whistleblowers is only that's the point on which the board found him not to be credible the first time. So what does, like, in the absence of some reason to believe that he's a whistleblower, what does the new evidence about the treatment of whistleblowers add? Thank you, Your Honor. So this court's president has stated that Board of Immigration Appeals cannot make credibility determinations in evaluating a motion to reopen, and that affidavits submitted in support of a motion to reopen must be accepted as credible or true, notwithstanding any inherent unreliability or inherent impossibility. Isn't that true if it's on a totally different ground? The issue that Judge Fletcher, Judges Fletcher and Miller were raising was that this is essentially the same ground. It's an effort to re-argue in different language what he already lost on. Your Honor, respectfully, I would contend that also the immigration judge's decision itself, in terms of the adverse credibility determination, is only really addresses the petitioner's religious claim, which was another prong of his persecution argument that he did not pursue later in this motion to reopen. And furthermore, it appears, it seems that if this were to become a policy, then no matter how much worse the conditions changed in a country of chargeability or returnability, then a petitioner would be precluded essentially forever from raising a changed country conditions argument because the board cannot review the prior adverse credibility determination. I'd like to reserve my remaining time for rebuttals. Okay, let's hear from the government and you will have saved some time. Thank you. Good morning. May it please the court. My name is Robin Bley. I represent the Attorney General in this matter. This case is, the board properly found this is a continuation of his prior claim at that he was a, that he claimed that he was a whistleblower and that the Chinese authorities were interested in him because of that. The board noted the prior adverse credibility determination as part of the facts and as the starting point to the case. Whether the new evidence actually was new and material and established a prima facie case for his eligibility for relief. In this vein, the board, you know, considered the Weiss letters and the, and, and the subpoenas, the five subpoenas issued between 2012 and 2015, that they gave them little weight as is allowed under this court's precedent because they were not authenticated in any way. They were, there was nothing to indicate that the letters were actually written by his wife. There's nothing to indicate that how they, these documents were received, or, you know, there were no packaging or shipping labels or envelopes provided to indicate, you know, where he received these documents from. Could you, could you assume for purposes of your argument for at least for a moment that the documents are valid? Then what? They still, they still don't establish that he's a whistleblower. His Weiss letters don't mention that he's a whistleblower or being sought for that ground. The subpoenas don't provide a specific reason for why he's being sought. They just say that other than to be interrogated. Again, now for purposes of your argument, let's assume for a moment that it's a fair inference that he is being sought because he's a whistleblower. What then? I don't, I mean, it would, it would require me to speculate. I can't do that. No, no, I'm asking you to speculate. What then? I, I still think he hasn't shown that he weren't, he was a whistleblower. He has the prior adverse credibility thing, problem that, you know, that the board previously found that he, there was questions about why he was actually persecuted by, and even this court found why he was persecuted by the police. Yeah. Yeah. Okay. So there's no indication that he actually ever was a whistleblower or that he is now. Well, if we assume the documents are valid, there is an indication. On the other hand, there's already been an adverse credibility finding on that point. Yeah. Well, and the other thing is when it's not very clear what, what he's being charged under. I mean, this, the article 290, I think it's article 290. It provides several ways for him to violate the law, but it doesn't indicate what, under what provision he would be sought or what does provision they think applies to him. And, and what, what about the affidavit that he submitted? I mean, that on its face does say that he reported corruption and that that's the reason that the authorities are interested in him. So, so with respect to that, are you relying on the prior adverse credibility finding to say that that can be discounted? It's basically, I'm sorry, it's basically he's, he is just continuing his claim and he's making the same claim that he did previously that was filed, was found incredible. It doesn't, I mean, he hasn't provided anything to indicate anything different that would change that fact. Here's, here's a question that may or may not be relevant to the, our resolution of this case. The ground for reopening is changed country conditions. Yes. Is, what's included under the heading of changed country conditions that a claimant or petitioner might have done something different, such as, for example, well, I was previously a whistleblower and that claim was rejected. I'm now a Christian and this is a new claim. Is that changed country conditions or is that something else? I don't know that that's changed country conditions, your honor. I think it's a, it's a different, you know, under a different provision, like whistleblowing would be considered under political opinion. Obviously religion would be considered under Christianity would be considered under religion. But yeah, I mean, I don't, I, I don't know if that answers your question. I think that's, it does. I mean, and this question goes to kind of to our line of cases. I'm having trouble figuring out how Yang actually is a changed country conditions case when what's changed is his circumstance. Nonetheless, we treat it as changed country conditions for purposes of motion to reopen. But I mean, I'm bound by Yang. Yes. I mean, I think it's, I think the court could consider it a change in personal circumstances and that they've, you know, adopted a religion, but that's not, that's not present here. No, I understand that. Yeah. Additionally, even though his, both Zeng in his statement and the wife's letter indicate that the, one of their brother-in-laws had spoken to the, to the police about his claim, but there's nothing in the, in the evidence from that brother-in-law to indicate what that conversation, what happened in that conversation, which would have gone to the heart of the matter, heart of his claim. And so, you know, the board found that he was, the board found he wasn't, hadn't shown changed country conditions. And that they didn't, and more, they didn't have to consider the general country conditions because he didn't establish that he's a whistleblower. And having failed done that, he couldn't, he couldn't make his claim. And therefore, we ask that you, you know, deny the petition for review. Okay. Any further questions from the bench? I'm sorry? I'm asking if there are any further questions on the bench. There appear to be none. Oh, thank you. Response. Thank you, your honors. First, in response to the questions and dialogue regarding the lack of clarity about what the petitioner was charged with or why the police were after him, he did submit letters to his wife's that include, for example, in the certified administrative record, page 82, it says, the letter says, they, or the police said that you were not only against the communist party, against government, you were also one of the members of the cult. So, you know, the petitioner would contend that that supports, for the purposes of the motion to reopen, the petitioner's contention that the police are after him because of his whistleblowing activities. And also, to bring the panel's attention back to the board of immigration appeals decision, in the context of our discussion on the Yang case, the board did say in discussing the petitioner's affidavit, the credibility finding is final. The respondents' current motion submissions have not been shown to overcome the adverse credibility finding that was made. So, the petitioner's contention would be that Yang is applicable in this case because the board could not apply the prohibition on adverse credibility determination based on the prior adverse credibility determination, excuse me, in the context of this new motion to reopen, and the petitioner's new sworn affidavit. The board's remaining decision, the remainder of the decision was based on the lack of authentication, which, as discussed in the briefs, was not required because the circuit has a case law stating that it cannot be expected that the applicants receive certified documents, for example, from the country of persecution. Therefore, once that ground of authentication is eliminated, the only thing remaining is the board's application of the adverse credibility determination of the IJ for the immigration judge from the prior proceeding, and therefore, a remand is warranted. Thank you. Okay, thank you. The case just argued will be submitted. Thank both sides for their helpful arguments.
judges: FLETCHER, MILLER, Korman